**Jeffrey A. Hokanson**
(admitted pro hac vice)
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200
Telephone: (317) 236-2100
Jeff.Hokanson@icemiller.com

**J. Brian Vanderwoude**
Texas Bar No. 24047558
DORSEY & WHITNEY LLP
300 Crescent Court, Suite 400
Dallas, Texas 75201
(214) 981-9900 Phone
vanderwoude.brian@dorsey.com

**Counsel for Landlord**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| FOUNDRY CLUB, LLC, | Case No. 18-32177 |
| Debtor. | |

## CREDITOR CPUS MOCKINGBIRD, LP'S
## MOTION TO COMPEL ASSUMPTION OR REJECTION OF LEASE AGREEMENT

Now comes creditor CPUS Mockingbird, LP, by and through its property manager CBRE, Inc., ("Landlord"), through counsel, and hereby moves the Court for an order compelling Debtor to assume or reject its lease with Landlord pursuant to 11 U.S.C. § 365(d)(2). Submitted contemporaneously with this motion is an Application for Order Shortening Time and Setting Expedited Hearing, the Affidavit of Lori Martin, and the exhibits thereto. In support of its motion, Landlord states as follows:

## I.    JURISDICTION

1.    Debtor Foundry Club, LLC ("Debtor") filed its petition for relief under Chapter 11 of Bankruptcy Code[1] on July 2, 2018. Debtor remains a debtor-in-possession under section 1107 and no trustee has been appointed. The Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1] Unless specified otherwise, all chapter and section references are to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

## II. BACKGROUND

2.      Debtor is currently a lessee of real property located at 5307 E. Mockingbird Lane, Suites 120 and 500, Dallas, Texas (the "Premises") under a lease agreement dated September 7, 2007 between Debtor, as successor-in-interest to Creativemark, LLC, and Landlord, as successor-in-interest to Mockingbird Station Investment, LP, as amended (the "Lease Agreement").

3.      Under the Lease Agreement, Debtor is required to pay rent and other expenses for the property on a monthly basis.  Debtor failed to tender payment for the months of June and July, which became due prepetition.  Including rent, late fees, and other expenses, Debtor's prepetition arrearage totals approximately $90,952.21.

4.      Debtor has also failed to tender payment for the month of August as required by 11 U.S.C. § 365(d)(3).  Including rent, late fees, and other expenses, Debtor's postpetition arrearage for August totals approximately $45,934.42.  As of September 1, 2018, an estimated $50,564.00 will become due.

5.      As of today, Debtor remains in possession of the Premises.  In addition to Debtor's occupancy, Landlord believes that Debtor is currently permitting an unknown number of licensees and/or subtenants to occupy the Premises.  Landlord understands that Debtor operates a "shared workspace" business in which persons or entities pay Debtor a fee for the right to occupy and use the Premises.  Further, it is Landlord's understanding that rent and/or license fees received from these occupants are the only funds available to pay Debtor's obligations under the Lease Agreement.

6.      Debtor became the lessee under the Lease Agreement by virtue of a Lease Assignment and Assumption Agreement dated April 22, 2016.  Landlord and Debtor thereafter

2

negotiated the third and fourth amendments to the Lease Agreement. TCS Central Region GP, LLC ("Broker") acted as the Debtor's exclusive broker with respect to those amendments.

7.      As outlined in a Letter Agreement dated June 14, 2016, Landlord is obligated to pay Broker certain commissions related to that transaction. Specifically, a commission of $86,386.84 will become due for Suite 500 on September 1, 2018 (the date of the commencement of the 122 month extension term for Suite 500).

## III.   ANALYSIS

### A.   Under 11 U.S.C. § 362, the Court may set a specified period of time for the Debtor to assume or reject an unexpired lease.

8.      Section 365(d)(2) provides in relevant part:

> In a case under chapter … 11, … of this title, the trustee may assume or reject an executory contract … of the debtor at any time before the confirmation of a plan but the court, on request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract. . . .

11 U.S.C. § 365(d)(2); *see also* 11 U.S.C. § 105(d)(2)(A) (authorizing courts to issue orders setting dates by which debtors-in-possession must assume or reject executory contracts); *In re Mirant Corp.*, 303 B.R. 319, 331 (Bankr. N.D. Tex. 2003) ("Section 365(d)(2) of the Code allows a party to a contract with a debtor to ask the court to force a decision as to assumption or rejection.").

9.      This section is intended to "prevent parties in contractual . . . relationships with the debtor from being left in doubt concerning their status vis-a-vis the estate." *In re Univ. Med. Ctr.*, 973 F.2d 1065, 1078-79 (3d Cir. 1992) (quoting H.R. Rep. No. 95-595, at 348-49 (1977), reprinted in 1978 U.S.C.C.A.N. 1978, at 5787, 6304, 6305); *see also In re Templeton*, 154 B.R. 930, 935 (Bankr. W.D. Tex. 1993) ("If, prior to the estate's making its election [to assume or

reject], the creditor believes itself to be suffering some loss . . ., it can petition the court for relief . . . by moving to compel an earlier election to assume or reject . . . .").

10.    Debtors in bankruptcy are only permitted a reasonable amount of time to assume or reject an unexpired lease or executory contract. *Matter of Whitcomb & Keller Mortg. Co., Inc.*, 715 F.2d 375, 379 (7th Cir. 1983). The reasonableness of the specified time period is within the Court's discretion and depends upon the facts and circumstances of the particular case. *In re Panaco, Inc.*, No. 02-37811-H3-11, 2002 WL 31990368, at *4 (Bankr. S.D. Tex. Dec. 10, 2002). In determining what constitutes a reasonable time, courts should consider "whether debtor is paying or performing under the contract; whether the debtor's non-performance could damage the non-debtor party beyond compensation available under the Bankruptcy Code; whether the contract is the debtor's primary asset; and whether debtor has had sufficient time to formulate a plan." *Id.* (citing *In re Burger Boys, Inc.*, 94 F.3d 755, 761 (2nd Cir. 1996)).

**B.     The Court should compel the Debtor to Assume or Reject the Lease Agreement by August 30, 2018.**

11.    The specific facts of this case, analyzed in light of the factors identified above, weigh heavily in favor of requiring Debtor to assume or reject the Lease Agreement by August 30, 2018.

12.    First, Debtor is behind on both its prepetition and postpetition obligations to Landlord under the Lease Agreement. In order to assume the Lease Agreement, Debtor must not only cure its postpetition default in full – it must prove that it can perform its obligations going forward. 11 U.S.C. § 365(b)(1). To date, neither the Court nor Landlord have seen any evidence that such an event is likely or even possible.

13.     Second, Landlord will incur a significant expense if the lease term for Suite 500 is permitted to begin on September 1, 2018.  On that date, Landlord will become obligated to pay Broker its commission on that portion of the Premises unless the lease is rejected and the extended term never commences.  The commission is calculated based on the rent stream to be paid by the Debtor, as tenant, for such extension term.  If Debtor is permitted to delay its decision to assume or reject until September 1, 2018 or after, and then later chooses to reject, Landlord will have been obligated to pay such commission despite not having a tenant in the Premises paying rent for the full length of the negotiated extension term.  This would be an unmitigated cost because, in all likelihood, a new broker commission would have to be paid with respect to any new lease for a replacement tenant for the Premises.

14.     Third, the Lease Agreement is Debtor's primary asset.  This weighs in favor of compelling assignment or rejection because Debtor's sole concern in this bankruptcy case from day one should have been how to deal with the Lease Agreement – there is little else for Debtor to really do.  Likewise, given the lack of complexity of this case, Debtor has had more than enough time to develop a plan.  Debtor has had almost two months postpetition and more time prepetition to either formulate a reorganization of its existing business or search for a potential purchaser of the business or the Lease Agreement.  Bankruptcy court is not a parking lot, and Debtor cannot sit idly by to the detriment of third parties.

**C.     Even if the Court declines to compel assumption or assignment on August 30, 2018, it should nonetheless require immediate payment of the amounts due postpetition under the Lease Agreement.**

15.     Section 365(c)(3) expressly requires the Debtor to timely perform all of its postpetition obligations under the Lease Agreement.  11 U.S.C. § 365(c)(3).

CO\5908685.2

16.     Landlord has an automatic administrative expense claim for unpaid post-petition obligations under the Lease Agreement. *In re Amber's Stores, Inc.*, 193 B.R. 819, 824 (Bankr. N.D. Tex. 1996); 11 U.S.C. § 503(b)(1).

17.     As noted above, the current postpetition arrearage under the Lease Agreement is $90,952.21. As of September 1, 2018, that amount will increase by another $50,564.00.

18.     Debtor should be required to comply with its statutory obligations under the Bankruptcy Code. This is especially true if Debtor intends to keep Landlord and the Court waiting while it determines whether it will assume or reject the Lease Agreement. Debtor should be required to pay Landlord in full the amounts due for August and September as contemplated by the Lease Agreement.

## IV.     PRAYER

For the reasons state above, Landlord respectfully requests that the Court enter an order compelling Debtor to assume or reject the Lease Agreement as of August 30, 2018 under sections 365(d)(2) and 105(d)(2)(A) and compelling the immediate payment of Debtor's postpetition arrearage under the Lease Agreement as required by section 365(c)(3).

CO\5908685.2

Respectfully submitted,

**DORSEY & WHITNEY LLP**

*/s/ J. Brian Vanderwoude*
J. Brian Vanderwoude
Texas Bar No. 24047558
300 Crescent Court, Suite 400
Dallas, Texas 75201
(214) 981-9900 Phone
(214) 981-9901 Facsimile
vanderwoude.brian@dorsey.com

**ICE MILLER LLP**

Jeffrey A. Hokanson (admitted pro hac vice)
One American Square, Suite 2900
Indianapolis, IN 46282-0200
Telephone:  (317) 236-2100
Jeff.Hokanson@icemiller.com

*Counsel for Landlord*

## **CERTIFICATE OF CONFERENCE**

I hereby certify that Ice Miller LLP, as counsel for the Landlord, made a good faith attempt to conference with counsel for the Debtor prior to the filing of this motion. In doing so, counsel for the Landlord learned that counsel for the Debtor is out of office. Counsel for the Landlord left telephone messages for counsel for the Debtor and sent emails to counsel for the Debtor seeking to resolve this matter informally and informing counsel for the Debtor of the Landlord's intention of filing this motion. As of this time, counsel for Landlord has not received a response. Accordingly, counsel for Landlord asserts that conference is not possible or practicable at this time.

/s/ *Jeffrey A. Hokanson*
Jeffrey A. Hokanson

CO\5908685.2

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

**Eric A. Liepins**    eric@ealpc.com, martha@ealpc.com;r56883@notify.bestcase.com
**Jason T. Rodriguez**    jrodriguez@higierallen.com, cfincher@higierallen.com
**Sidney H. Scheinberg**    SScheinberg@GodwinLaw.com,
sidscheinberg@sbcglobal.net;AGottlieb@GodwinLaw.com;TWhiteside@GodwinLaw.com;GClover@GodwinLaw.com
**United States Trustee**    ustpregion06.da.ecf@usdoj.gov
**J. Brian Vanderwoude**    Vanderwoude.brian@dorsey.com, Haydon.jean@dorsey.com

In addition, I hereby certify that on August 15, 2018, a copy of the foregoing was served upon the following parties by regular U.S. mail at the addresses listed.

**Foundry Club, LLC,** 5307 E Mockingbird Lane Suite 500, Dallas, TX 75206

*/s/ J. Brian Vanderwoude*
J. Brian Vanderwoude

**EXHIBIT A:**

**PROPOSED ORDER GRANTING MOTION TO COMPEL ASSUMPTION OR
REJECTION OF LEASE AGREEMENT**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| FOUNDRY CLUB, LLC, | Case No. 18-32177 |
| Debtor. | |

### ORDER GRANTING CREDITOR CPUS MOCKINGBIRD, LP'S
### MOTION TO COMPEL ASSUMPTION OR REJECTION OF LEASE AGREEMENT

This matter comes before the Court on creditor CPUS Mockingbird, LP's Motion to Compel Assumption or Rejection of Lease Agreement. For good cause shown, the motion is hereby **GRANTED**. It is therefore **ORDERED** that:

1. Pursuant to 11 U.S.C. §§ 365(d)(2) and 105(d)(2)(A), the deadline for Debtor to assume or reject its lease agreement with CPUS Mockingbird, LP shall be August 30, 2018; and

2. Debtor shall immediately cure the postpetition arrearage under the lease agreement as required by 11 U.S.C. § 365(c)(3).

### ### END OF ORDER ###

Prepared by: J. Brian Vanderwoude, Dorsey & Whitney LLP, 300 Crescent Court Suite 400, Dallas, Texas 75201, (214) 981-9900

CO\5908685.2