| | |
|---|---|
| **Jeffrey A. Hokanson**<br>(admitted pro hac vice)<br>ICE MILLER LLP<br>One American Square, Suite 2900<br>Indianapolis, IN 46282-0200<br>Telephone: (317) 236-2100<br>Jeff.Hokanson@icemiller.com | **J. Brian Vanderwoude**<br>Texas Bar No. 24047558<br>DORSEY & WHITNEY LLP<br>300 Crescent Court, Suite 400<br>Dallas, Texas 75201<br>(214) 981-9900 Phone<br>vanderwoude.brian@dorsey.com |

**Counsel for Landlord**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>FOUNDRY CLUB, LLC,<br><br>Debtor. | Case No. 18-32177<br><br>Chapter 11 |
| FOUNDRY VENTURES, INC.,<br><br>Debtor. | Case No. 18-32178<br><br>Chapter 11 |

### AFFIDAVIT OF LORI MARTIN

STATE OF _TEXAS_
COUNTY OF _DALLAS_

Before me, the undersigned authority, on this day personally appeared the undersigned Affiant, who being by me duly sworn, on her oath stated:

1. My full name is Lori Martin.

2. I am an authorized representative for CBRE, Inc., property manager for CPUS Mockingbird, LP ("Landlord"). I have care, custody, and control of all records concerning the lease agreement between Landlord and Foundry Club LLC ("Foundry Club"). All facts recited herein are within my personal knowledge and are true and correct.

3. Foundry Club is currently a lessee of real property located at 5307 E. Mockingbird Lane, Suites 120 and 500, Dallas, Texas (the "Premises") under a lease agreement dated

September 7, 2007 between Foundry Club, as successor-in-interest to Creativemark, LLC, and Landlord, as successor-in-interest to Mockingbird Station Investment, LP, as amended (the "Lease Agreement"). A true and accurate copy of the original Office Lease Agreement dated September 7, 2007 is attached hereto as **Exhibit 1**. A true and accurate copy of the First Amendment to Office Lease Agreement dated February 23, 2012 is attached hereto as **Exhibit 2**. A true and accurate copy of the Second Amendment to Office Lease Agreement dated March 28, 2014 is attached hereto as **Exhibit 3**. A true and accurate copy of the Consent to Assignment dated April 22, 2016 is attached hereto as **Exhibit 4**. A true and accurate copy of the Lease Assignment and Assumption Agreement dated April 22, 2016 is attached hereto as **Exhibit 5**. A true and accurate copy of the Third Amendment to Office Lease Agreement dated July 1, 2016 is attached hereto as **Exhibit 6**. A true and accurate copy of the Fourth Amendment to Office Lease Agreement dated July 1, 2016 is attached hereto as **Exhibit 7**. A true and accurate copy of a Letter Agreement dated February 1, 2017 is attached hereto as **Exhibit 8**. A true and accurate copy of a Letter Agreement dated February 7, 2018 is attached hereto as **Exhibit 9**. A true and accurate copy of the Fifth Amendment to Office Lease Agreement dated April 3, 2018 is attached hereto as **Exhibit 10**.

4. Under the Lease Agreement, Foundry Club is required to pay rent and other expenses for the Premises on a monthly basis. Foundry Club failed to tender payment for the months of June and July. Including rent, late fees, and other expenses, Foundry Club's arrearage for these months totals $90,952.21. A true and accurate copy of the July 2018 Statement of Account is attached as **Exhibit 12** hereto.

5. Foundry Club has also failed to tender payment for the month of August 2018. Including rent, late fees, and other expenses, Foundry Club's arrearage for August totals approximately $45,934.42. A true and accurate copy of the August 2018 Statement of Account is attached as **Exhibit 13** hereto (the preceding figure includes a late fee that came due postpetition but is not reflected on the August 2018 Statement of Account). As of September 1, 2018, an estimated $50,564.00 will become due (an exact figure is not currently available because certain charges have not yet been finalized). All amounts listed are based upon affiant's best information and belief at the time; Landlord reserves the right to supplement this Affidavit with additional or updated information if necessary.

6. As of today, Foundry Club remains in possession of the Premises. In addition to Foundry Club's occupancy, Landlord believes that Foundry Club is currently permitting an unknown number of licensees and/or subtenants to occupy the Premises.

7. Landlord understands that Foundry Club operates a "shared workspace" business in which persons or entities pay Foundry Club a fee for the right to occupy and use the Premises.

8. Further, it is Landlord's understanding that rent and/or license fees received from these occupants are the only funds available to pay Foundry Club's obligations under the Lease Agreement.

9. Foundry Club became the lessee under the Lease Agreement by virtue of the Lease Assignment and Assumption Agreement dated April 22, 2016. Landlord and Foundry Club thereafter negotiated the third and fourth amendments to the Lease Agreement. TCS Central Region GP, LLC ("Broker") acted as Foundry Club's exclusive broker with respect to those lease amendments.

CO\5908946.3

10. As outlined in the Letter Agreement dated June 14, 2016, which is attached hereto as **Exhibit 11**, Landlord is obligated to pay Broker certain commissions related to that transaction. Pursuant to the terms outlined in the letter, a commission of $86,386.84 will become due for Suite 500 on September 1, 2018 (the date of the commencement of the 122 month extension term for Suite 500). The commission is calculated based on the rent stream to be paid by Foundry Club, as tenant, for such extension term. If Foundry Club is permitted to delay its decision to assume or reject until September 1, 2018 or after, and then later chooses to reject, Landlord will have been obligated to pay such commission despite not having a tenant in the Premises paying rent for the full length of the negotiated extension term. This would be an unmitigated cost because, in all likelihood, a new broker commission would have to be paid with respect to any new lease for a replacement tenant for the Premises.

11. Landlord is without knowledge as to what property, if any, Foundry Ventures, Inc. may have at the Premises or what interest it may have in Foundry Club, LLC.

FURTHER AFFIANT SAYETH NOT.

_____
Lori Martin
Associate Director of Asset Services
CBRE, Inc.

The foregoing *Affidavit* was sworn to before me and subscribed in my presence on this 15th day of August, 2018.

IN WITNESS WHEREOF, I have hereunto signed my name and affixed my official seal.

My Commission Date Expires:

MARCH 8, 2020
NOTARY SEAL

_____
Notary Public

Printed Name: LINDA BAIER



LINDA BAIER
Notary ID # 128911846
My Commission Expires
March 8, 2020

CO\5908946.3

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

**Eric A. Liepins**   eric@ealpc.com, martha@ealpc.com;r56883@notify.bestcase.com
**Jason T. Rodriguez**   jrodriguez@higierallen.com, cfincher@higierallen.com
**Sidney H. Scheinberg**   SScheinberg@GodwinLaw.com, sidscheinberg@sbcglobal.net;AGottlieb@GodwinLaw.com;TWhiteside@GodwinLaw.com;GClover@GodwinLaw.com
**United States Trustee**   ustpregion06.da.ecf@usdoj.gov
**J. Brian Vanderwoude**   Vanderwoude.brian@dorsey.com, Haydon.jean@dorsey.com

In addition, I hereby certify that on August 15, 2018, a copy of the foregoing was served upon the following parties by regular U.S. mail at the addresses listed.

**Foundry Club, LLC,** 5307 E Mockingbird Lane Suite 500, Dallas, TX 75206
**Foundry Ventures, Inc.,** 5307 E Mockingbird Lane Suite 500, Dallas, TX 75206

*/s/ J. Brian Vanderwoude*
J. Brian Vanderwoude

CO\5908946.3