**Jeffrey A. Hokanson**  
(admitted pro hac vice)  
ICE MILLER LLP  
One American Square, Suite 2900  
Indianapolis, IN 46282-0200  
Telephone:  (317) 236-2100  
Jeff.Hokanson@icemiller.com  

**J. Brian Vanderwoude**  
Texas Bar No. 24047558  
DORSEY & WHITNEY LLP  
300 Crescent Court, Suite 400  
Dallas, Texas 75201  
(214) 981-9900 Phone  
vanderwoude.brian@dorsey.com  

**Counsel for Landlord**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>FOUNDRY CLUB, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 3:18-bk-32177-sgj11 |

## CREDITOR CPUS MOCKINGBIRD, LP'S
## APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT THE EARLE CABELL FEDERAL BUILDING 1100 COMMERCE ST., RM. 1254 DALLAS, TX 75242-1496 BEFORE CLOSE OF BUSINESS ON OCTOBER 9, 2018, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF. ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS TIMELY FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY. IF NO RESPONSE IS TIMELY FILED, THE APPLICATION SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

Now comes creditor CPUS Mockingbird, LP, by and through its property manager CBRE, Inc., ("Landlord"), through counsel, and hereby makes this application for the allowance and payment of the administrative expense claim described herein.  In support of its application, Landlord states as follows:

**I.     JURISDICTION**

1. Debtor Foundry Club LLC ("Debtor") filed its petition for relief under Chapter 11 of Bankruptcy Code[1] on July 2, 2018. Debtor remains a debtor-in-possession under section 1107 and no trustee has been appointed. The Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**II.    BACKGROUND**

2. Debtor was a lessee of real property located at 5307 E. Mockingbird Lane, Suites 120 and 500, Dallas, Texas (the "Premises") under a lease agreement dated September 7, 2007 between Debtor, as successor-in-interest to Creativemark, LLC, and Landlord, as successor-in-interest to Mockingbird Station Investment, LP, as amended (the "Lease Agreement").

3. On August 30, 2018, the Court held hearings on Landlord's Motion for Relief from the Automatic Stay and Motion to Compel Assumption or Rejection of Lease Agreement. The Court granted the motions on the record, effective immediately, and entered orders on those motions the following day (Docs. 35 & 36).

4. Upon rejection of the Lease Agreement and obtaining relief from stay, Landlord terminated the Lease Agreement and retook possession of the Premises as permitted by the Lease Agreement and applicable non-bankruptcy law.

**III.   ANALYSIS**

    **A.     Landlord is entitled to an administrative expense claim for post-petition, pre-rejection rent under section 365(c)(3).**

5. Section 365(c)(3) expressly requires the Debtor to timely perform all of its postpetition obligations under the Lease Agreement. 11 U.S.C. § 365(c)(3).

---

[1] Unless specified otherwise, all chapter and section references are to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

2

6. Landlord has an automatic administrative expense claim for unpaid obligations under the Lease Agreement that became due postpetition and pre-rejection. *In re Amber's Stores, Inc.*, 193 B.R. 819, 824 (Bankr. N.D. Tex. 1996); 11 U.S.C. § 503(b)(1).

7. Under the Lease Agreement, Debtor was required to pay rent and other expenses for the Premises on a monthly basis. Debtor failed to tender payment for the month of August, which became due postpetition and pre-rejection, as required by 11 U.S.C. § 365(d)(3). Including rent, late fees, and other expenses, Debtor's postpetition arrearage for August totals approximately $45,934.42. (Martin Affidavit at ¶ 5; Doc. 29).

8. Debtor admitted in its response to Landlord's Motion to Compel Assumption or Rejection of Lease Agreement that Debtor was required to make the August rent payment and that Landlord is entitled to an automatic administrative expense claim for same. (Response to Motion to Compel Assumption or Rejection of Lease Agreement at ¶ 14). Debtor has failed to pay August rent.

9. Further, the Court's order on Landlord's Motion to Compel Assumption or Rejection of Lease Agreement specifically required Debtor to immediately pay its post-petition arrearage under the Lease Agreement as required by 11 U.S.C. § 365(c)(3). Debtor has again failed to do so.

   **B.  Landlord is entitled to an administrative expense claim for stub rent and August rent as an actual and necessary expense under section 503(b).**

10. Section 503(b) provides that, after notice and hearing, there shall be allowed administrative expenses, including the actually necessary costs and expenses of preserving the estate. 11 U.S.C. § 503(b)(1)(A).

11. Stub rent is "[t]he rent owed by a debtor to the landlord for the period from the petition date until the first day of the next following month." *In re Imperial Beverage Grp., LLC*, 457 B.R. 490, 501 (Bankr. N.D. Tex. 2011).

12. Though stub rent is not entitled to payment and automatic priority under section 365(c)(3), it can still constitute an "actual and necessary expense" under section 503(b). *In re Imperial Beverage Grp.*, 457 B.R. at 501; *see also In re Goody's Family Clothing Inc.*, 610 F.3d 812, 818 (3d Cir. 2010).

13. Here, the Debtor occupied the Premises from the petition date through the month of August. During that time, the Debtor continued to conduct its business and receive payments from its licensees. Without the Debtor's continued occupancy of the Premises, it would have been unable to operate.

14. Accordingly, all rent due between the filing of the case and termination of the Lease Agreement, including stub rent, is an actual and necessary expense of preserving the Debtor's estate under section 503(b).

15. Rent due under the Lease Agreement for the month of July totaled approximately $47,489.10. (Exhibit 12 to Martin Affidavit; Doc. 29). Because Debtor filed the case on July 2, stub rent for the month of July totaled approximately $45,957.19 [$47,489.10 ÷ 31 × 30].

16. Further, even though it is already entitled to automatic administrative priority under section 365(c)(3), August rent would likewise be entitled to administrative priority as an actual and necessary expense of preserving the Debtor's estate under section 503(b).

IV.     **PRAYER**

For the reasons stated above, Landlord respectfully requests that the Court enter an order approving and allowing an administrative expense claim for Landlord totaling $91,891.61, and for such other relief the Court deems proper.

Respectfully submitted,

**DORSEY & WHITNEY LLP**

*/s/ J. Brian Vanderwoude*
J. Brian Vanderwoude
Texas Bar No. 24047558
300 Crescent Court, Suite 400
Dallas, Texas 75201
(214) 981-9900 Phone
(214) 981-9901 Facsimile
vanderwoude.brian@dorsey.com

**ICE MILLER LLP**

Jeffrey A. Hokanson (admitted pro hac vice)
One American Square, Suite 2900
Indianapolis, IN 46282-0200
Telephone:  (317) 236-2100
Jeff.Hokanson@icemiller.com

*Counsel for Landlord*

**CERTIFICATE OF CONFERENCE**

A conference was not held prior to the filing of this Application for Allowance of Administrative Expense Claim.  Because the application seeks reimbursement of expenses in excess of $1,000, 21 days' notice to all creditors is required.  *See* Fed. R. Civ. Proc. 2002(a)(6); L.B.R. 2002-1(a)(6).  Due to the extensive creditor list in this case and the nature of the relief sought, it would not be practicable to attempt a conference.

*/s/ J. Brian Vanderwoude*
J. Brian Vanderwoude

## CERTIFICATE OF SERVICE

      I hereby certify that on September 17, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

      **Eric A. Liepins**    eric@ealpc.com, martha@ealpc.com;r56883@notify.bestcase.com
      **Jason T. Rodriguez**    jrodriguez@higierallen.com, cfincher@higierallen.com
      **Sidney H. Scheinberg**    SScheinberg@GodwinLaw.com, sidscheinberg@sbcglobal.net;AGottlieb@GodwinLaw.com;TWhiteside@GodwinLaw.com;GClover@GodwinLaw.com
      **United States Trustee**    ustpregion06.da.ecf@usdoj.gov

In addition, I hereby certify that on September 17, 2018, a copy of the foregoing was served upon the following parties by regular U.S. mail at the addresses listed.

      **[See attached creditor matrix]**

      */s/ J. Brian Vanderwoude*
      J. Brian Vanderwoude

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0539-3<br>Case 18-32177-sgj11<br>Northern District of Texas<br>Dallas<br>Mon Sep 17 11:48:10 CDT 2018 | CPUS Mockingbird, LP<br>3280 Peachtree Road NE<br>Suite 1400<br>Atlanta, GA 30305-2458 | 1100 Commerce Street<br>Room 1254<br>Dallas, TX 75242-1305 |
| CC Growth Partners<br>1604 Leeward Lane.<br>Plano, TX 75093-4534 | CPUSMockingbird, LP<br>5910 N Central Expressway<br>Suite 125<br>Dallas, TX 75206-1100 | Camino Global Foundation<br>8625 La Prada Dr,<br>Dallas, TX 75228-5034 |
| Dalworth<br>12750 S. Pipeline Road<br>Dallas, TX 75207 | Denitech<br>8350 N Central Expy Suite 350<br>Dallas, TX 75206-1600 | Drawbridge<br>PO Box 271179<br>Dallas, TX 75227 |
| Ferguson, braswell, Fraser, Kubasta PC<br>2500 Dallas Parkway, Suite 600<br>Plano, TX 75093-4820 | Foundry Club, LLC<br>5307 E Mockingbird Lane<br>Suite 500<br>Dallas, TX 75206-5118 | Foundy Club Globa, Inc.<br>2218 Bryan Street, No. 201<br>Dallas, TX 75201-2602 |
| Hedrick Kring, PLLC<br>1700 Pacific Ave., Suite 4650<br>Dallas, TX 75201-4684 | INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>P O BOX 7346<br>PHILADELPHIA, PA 19101-7346 | InterBank<br>Higier Allen & Lautin, P.C.<br>CO Jason T. Rodriguez<br>2711 N. Haskell Ave.<br>Suite 2400<br>Dallas, TX 75204-2926 |
| InterBank<br>4921 North May Ave.,<br>Oklahoma City, OK 73112-6041 | J. Brian Vanderwoude<br>Dorsey & Whitney LLP<br>300 Crescent Court, Suite 400<br>Dallas, Texas 75201-7847 | KHA<br>4880 Long Prairie Road, No. 100<br>Plano, TX 75093 |
| Labor Poster Services<br>901 Mapac Expressway South, Bldg. 1<br>Austin, TX 78746 | Lisa Patton<br>9910 Lakemere Dr<br>Dallas, TX 75238-2617 | Sentry Technical Servces<br>11421 Chairman Dr.<br>Dallas, TX 75243-8501 |
| TGB Partners:<br>2705 Bees Cave Road, No. 120<br>Austin, TX 78746-5685 | United States Trustee<br>1100 Commerce Street<br>Room 976<br>Dallas, TX 75242-0996 | hGroup, LLC<br>Jim Holloway<br>3010 LBJ Frwy, Suite 1200<br>Dallas, TX 75234-2710 |
| Eric A. Liepins<br>Eric A. Liepins, P.C.<br>12770 Coit Rd., Suite 1100<br>Dallas, TX 75251-1329 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Camino Global Foundation		(u)Cherry, Lane, Peterson		(u)G.L. Seamon

```
End of Label Matrix
Mailable recipients    24
Bypassed recipients     3
Total                  27
```