Annmarie Chiarello – SBT #24097496
**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
Telephone:  (214) 745-5400
Facsimile:  (214) 745-5390
E-mail:  achiarello@winstead.com

**ATTORNEYS FOR SOUTHERN METHODIST UNIVERSITY**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In Re:** § | Case No. 18-32177-sgj11 | |
| § | | |
| **FOUNDRY CLUB, LLC,** § | Chapter 11 | |
| § | | |
| Debtor. § | | |

**COMMENT TO MOTION TO CONVERT**

Southern Methodist University ("SMU"), a creditor and a party-in-interest in this case, files this Comment (the "Comment") to the Foundry Club, LLC's (the "Debtor") Motion to Convert [Docket No. 44] (the "Motion").  In support of this Comment, SMU respectfully states that:

**FACTUAL AND PROCEDURAL BACKGROUND**

1. On February 6, 2018, SMU and the Debtor entered into that certain *Foundry Club Enterprise Client Agreement* (the "Agreement").  Through the Agreement, the Debtor essentially leased space to SMU at the Debtor's co-working space, as further described by the Agreement (the "Premises").  Pursuant to the Agreement, SMU paid the Debtor a $5,700.00 security deposit in accordance with Section VI. A. of the Agreement (the "Security Deposit").  Pursuant to Section VI. A. of the Agreement, the Security Deposit represents a bond on the part of SMU for the faithful performance of the Agreement.  Pursuant to Tex. Prop. Code § 93.005(b), SMU's

___

"claim to the security deposit takes priority over the claim of any creditor of the landlord, including a trustee in bankruptcy."

2. On July 2, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-styled and numbered case (the "Case").

3. Although the Debtor and SMU are both parties to the Agreement, the Debtor did not list SMU as a creditor or contract counter-party on the Debtor's *Schedules* [Docket No. 15], *Statement of Financial Affairs* [Docket No. 16], or *Creditor Matrix* [Docket No. 6].

4. On August 31, 2018, the landlord of the Premises, CPUS Mockingbird, LP (the "Landlord"), was granted relief from the automatic stay pursuant to the *Order Granting Creditor CPUS Mockingbird, LP's Motion for Relief from the Automatic Stay* [Docket No. 36] (the "Stay Relief Order") to, among other things, terminate the lease between the Landlord and the Debtor (the "Lease") and retake possession of the Premises. Additionally, on August 31, 2018, the Debtor was compelled to reject the Lease pursuant to the *Order on Creditor CPUS Mockingbird, LP's Motion to Compel Assumption or Rejection of Lease Agreement* [Docket No. 35] (the "Rejection Order").

5. On or about September 1, 2018, the Landlord locked the Debtor and SMU out from the Premises. The Landlord's lock-out notice posted at the Premises was SMU's first notice of the commencement of the Case.

6. Prior to the entry of the Stay Relief Order and the Lease Rejection Order or SMU receiving notice of the same, SMU paid the Debtor $11,200.00 for the September fixed monthly base charge pursuant to the Agreement (the "September Charges"). Despite the fact that SMU paid the Debtor the September Charges, SMU was unable to occupy the Premises during

September. Pursuant to Section IX. H. of the Lease, as the Lease has been rejected and the Landlord has terminated the Lease, the Agreement has terminated. Therefore, the Debtor collected the September Charges, despite the fact that the Debtor was aware that the Lease and Agreement were terminated, but SMU, which did not receive notice of the filing of this Case, did not know the Lease and Agreement were terminated.

7. The Debtor has not remitted the September Charges to SMU.

## COMMENT

8. Section 1112(b)(1) of the Bankruptcy Code provides that "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause." 11 U.S.C. § 1112(b)(1) (emphasis added). Here, conversion is in the best interest of creditors .

9. SMU paid the September Charges and Security Deposit based on the belief that the Debtor would continue to abide by the Agreement. However, the Debtor received the September Charges knowing that this Court had entered the Stay Relief Order and the Lease and Agreement were terminated. Importantly, the Debtor received the September Charges without giving SMU notice of this Case. The Debtor received and kept the September Charges in bad faith. *See In re Little Creek Dev. Co.*, 779 F.2d 1068, 1073 (5th Cir. 1986) ("Numerous cases have found a lack of good faith to constitute 'cause'" under Sections 362(d) and 1112(b) of the Bankruptcy Code.). Given the Debtor's bad faith, bad acts, and its admitted inability to reorganize, SMU asserts that it is in the best interest of creditors for an independent Chapter 7 trustee to be appointed to liquidate the assets of the Debtor. Therefore, SMU requests the Court grant the Motion.

**WHEREFORE, PREMISES CONSIDERED**, SMU respectfully requests the Court (i) grant the Motion; and (ii) convert the Case to a Chapter 7 case. SMU requests that the Court

grant such other and further relief as is appropriate and just under the circumstances, and SMU also requests general relief.

**Dated:  November 29, 2018.**

                                     Respectfully submitted,

                                     **WINSTEAD PC**
                                     500 Winstead Building
                                     2728 N. Harwood Street
                                     Dallas, Texas  75201
                                     (214) 745-5400 (Telephone)
                                     (214) 745-5390 (Facsimile)

                                     By: */s/ Annmarie Chiarello*
                                           Annmarie Chiarello – SBT #24097496

                                     **ATTORNEYS FOR SOUTHERN METHODIST UNIVERSITY**

## CERTIFICATE OF SERVICE

      I hereby certify that on November 29, 2018, notice of this document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

                                     */s/ Annmarie Chiarello*
                                       One of Counsel